**Michael J. FORMANEK,**
**Plaintiff–Appellant,**

v.

**Spero PINES, Justice, Family Court of the State of New York, County of Broome, City of Binghamton, New York, allegedly acting in his Personal and Individual Capacity under the Color of any law and, as an Employee, Agent, and Officer in and for Broome County, Eileen M. Kane, a Hearing Examiner, for Family Court of the State of New York, County of Broome, City of Binghamton, New York, allegedly acting in her Personal and Individual Capacity under the Color of State Law and, as an Employee, Agent and Officer in and for Broome County, Charles Proffitt, Father of Mrs. Deborah D. Ditewig, an acting village Justice of Deposit, New York and a Town Justice. He resides at 42 Court St., Deposit, New York; Deborah D. Ditewig, (P/T) Acting Village Justice, Village of Deposit Court; (P/T) Town Justice (whereabouts unknown); (P/T) United States Postal Employee and, Mother of Joshua M. Formanek, allegedly acting in her personal and Individual Capacity under the Color of State law, residing at 14 Dublin Street, County of Broome, Village of Deposit, New York 13754, Defendants–Appellees.**

Docket No. 02–7480.

United States Court of Appeals,
Second Circuit.

July 21, 2003.

Michael J. Formanek, Palmyra, NY, pro se.

Carman M. Garufi, Law Office of Carman M. Garufi, Binghamton, NY, for Appellees Charles Proffitt and Deborah D. Ditewig.

Victor Paladino, Assistant Solicitor General (Andrea Oser, Assistant Solicitor General, on the brief) for Eliot Spitzer, Attorney General of the State of New York, Albany, NY, for Appellees Spero Pines and Eileen M. Kane.

PRESENT: WINTER, B.D. PARKER, Circuit Judges, and DRONEY, District Judge.*

## SUMMARY ORDER

Plaintiff–Appellant Michael J. Formanek, *pro se,* appeals from a judgment of the United States District Court for the Northern District of New York (Thomas J. McAvoy, *Judge*), dismissing his 42 U.S.C. § 1983 complaint for lack of subject matter jurisdiction. Formanek commenced this action against Spero Pines, a Family Court judge in Broome County, New York; Eileen M. Kane, a Broome County Family Court hearing examiner; Deborah Ditewig, Formanek's ex-wife and the mother of his son; and Charles Proffitt, Ditewig's father. Formanek's complaint asserts a variety of claims relating to a Family Court dispute spanning more than ten years and involving Formanek's custody, visitation, and child support payments for his son, Joshua Formanek.

The District Court dismissed the complaint pursuant to the *Rooker–Feldman* doctrine, concluding that Formanek sought to alter the child support obligations and

---

* The Honorable Christopher F. Droney, of the United States District Court for the District of Connecticut, sitting by designation.

custody arrangements that had been determined in state court. *See Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 415–16, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 476, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983). The District Court denied as futile Formanek's motion to amend his complaint to add Broome County as a defendant.

Reviewing *de novo, see Moccio v. N.Y. State Office of Court Admin.,* 95 F.3d 195, 198 (2d Cir.1996), we conclude that the District Court correctly dismissed the complaint for lack of subject matter jurisdiction pursuant to the *Rooker–Feldman* doctrine. "The *Rooker–Feldman* doctrine holds that inferior federal courts lack subject matter jurisdiction 'over cases that effectively seek review of judgments of state courts and that federal review, if any, can occur only by way of a certiorari petition to the Supreme Court.'" *Phifer v. City of N.Y.,* 289 F.3d 49, 55 (2d Cir.2002) (quoting *Moccio,* 95 F.3d at 197).

All the claims that Formanek asserts in this action—challenging the validity of several orders issued by the Broome County Family Court—are inextricably intertwined with the state court's determinations. *See Kropelnicki v. Siegel,* 290 F.3d 118, 129 (2d Cir.2002) ("[I]f adjudication of a claim in federal court would require the court to determine that a state court judgment was erroneously entered or was void, the claim is inextricably intertwined with the merits of the state court judgment."). For example, Formanek alleges that Justice Pines denied him due process by awarding sole custody of Joshua to Ditewig without holding a hearing, and that Pines improperly reduced his visitation rights. These arguments clearly could have been raised in state court, either in the Family Court or on appeal. *See Moccio,* 95 F.3d at 199–200 (stating that *Rooker–Feldman* bars a plaintiff from asserting

a claim in federal court where the plaintiff "had an opportunity to litigate [the] claim in a state proceeding"). Formanek's attempts to re-litigate various matters decided by Hearing Examiner Kane are also barred by the *Rooker–Feldman* doctrine, as "adjudication of [these] claim[s] in federal court would require the court to determine that a state court judgment was erroneously entered or was void." *Kropelnicki,* 290 F.3d at 129.

The District Court also correctly denied, on futility grounds, Formanek's motion to amend his complaint, as the addition of Broome County as a defendant would not cure the complaint's jurisdictional defects. Accordingly, the judgment of the District Court is AFFIRMED.